UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

MIGUEL QUILES DIAZ, et al.,

　　　　Plaintiff,

　　　　v.

UNITED STATES OF AMERICA,
et al.,

　　　　Defendants.

Civil No. 04-1099(JAF)

**O R D E R**

　　　　Defendants Deya and Helevator move to dismiss, arguing that Plaintiffs's claim is premature because, in violation of 11 L.P.R.A. § 32, they failed to wait ninety days after Plaintiff's final discharge from the State Insurance Fund before filing the present complaint. Docket Document No. 40.

　　　　Section 32 provides, in relevant part, that:

> When an injured . . . employee . . . may be entitled to institute an action for damages against a third party in cases where the State Insurance Fund . . . is obliged to compensate in any manner or to furnish treatment, the Manager of the State Insurance Fund shall subrogate himself in the rights of the . . . employee . . . and may institute proceedings against such third party in the name of the injured workman or employee or his beneficiaries, within the ninety (90) days following the date of the final and enforceable decision of the case . . . . [T]he injured employee may [not] institute any action . . . until after the expiration of ninety days from the date of the final and enforceable decision of the case by the Manager of the State Insurance Fund.

Civil No. 04-1099 (JAF)                                                        -2-

11 L.P.R.A. § 32.

Defendants argue that because Plaintiffs filed the present claim on June 28, 2004, and the State Insurance Fund's final discharge was still not final as of November 17, 2004 (when Defendants filed their motion to dismiss), the present claim is premature and should be dismissed without prejudice. Docket Document No. 40.

In rebuttal, Plaintiffs claim that only the State Insurance Fund Manager, not a third-party defendant, "may demand an annulment of a premature action in favor of its right of subrogation." Docket Document No. 41. Plaintiffs further aver that in light of the substantial resources already invested in the present case, and in the interest of judicial economy, we should deny Defendants' motion to dismiss. Id.

This court has consistently interpreted § 32 as rendering claims filed before ninety days have lapsed as "voidable, instead of void." Rivera Escobar v. Parke Davis & Co., 671 F. Supp. 895, 897 (D.P.R. 1987); see also Fremaint v. Ford Motor Co., 258 F. Supp. 2d 24, 32-33 (D.P.R. 2003); Perez Bonilla v. Mann Holly Sales & Service, Inc., 729 F. Supp. 1410 (D.P.R. 1990). While premature actions frequently "are permitted to go forward," we have declined to interpret § 32 as denying third-party defendants the ability to seek dismissal under its provisions. Rivera Escobar, 671 F. Supp. at 897 (finding

Civil No. 04-1099 (JAF)                                              -3-

"misguided" the contention that third party defendants "have no standing to raise the issue of prematurity").[1]

In the past, we have dismissed premature claims to avoid duplicative proceedings. Rivera Escobar, 671 F. Supp. at 897. Plaintiffs were scheduled for a hearing with the Industrial Commission on November 29, 2004. The hearing's outcome, as well as any subsequent appeal process, are both germane to settling the issue of whether this case should be dismissed for prematurity. Before making a final determination, then, we request that Plaintiffs submit a brief memorandum summarizing the present status of the State Insurance Fund proceedings.

Plaintiffs must submit a memorandum in compliance with this order **within five (5) working days.**

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 2nd day of June, 2005.

                                        S/José Antonio Fusté
                                        JOSE ANTONIO FUSTE
                                        Chief U. S. District Judge

---

[1] We have, however, limited the right to demand annulment. Fremaint, 258 F. Supp. 2d at 33 ("[O]nly the Fund Manager may demand an annulment of a premature action in favor of its right of subrogation."); Rivera Escobar, 671 F. Supp. at 897 ("The declaration of nullity would unduly protect the third party, when what is inferred from our statute is the desire to protect the Fund's right to subrogation.); see also Perez Bonilla, 729 F. Supp. at 1411 (distinguishing nullification from dismissal).